T.C. Memo. 1996-525

UNITED STATES TAX COURT

ROBERT R. GRAY, JR. AND VICKEY L. GRAY, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 14349-88.                    Filed November 27, 1996.

Robert R. Gray, Jr. and Vickey L. Gray, pro se.

Lavonne D. Lawson, for respondent.

MEMORANDUM OPINION

WRIGHT, Judge:  This matter is before the Court on
respondent's motion for order to show cause why judgment should
not be entered against petitioners on the basis of a previously
decided case.  Respondent filed her above-referenced motion in
the instant case with respect to the disallowance of deductions,
investment tax credits, and related additions to tax in

connection with petitioners' participation in a tax shelter entitled the Encore Leasing Program (Encore).  By order dated August 24, 1994, the Court granted respondent's motion and directed petitioners to show cause why judgment should not be entered against them on the basis of the Court's decisions in Wolf v. Commissioner, T.C. Memo. 1991-212, affd. 4 F.3d 709 (9th Cir. 1993), Feldmann v. Commissioner, T.C. Memo. 1991-353, affd. without published opinion 5 F.3d 536 (9th Cir. 1993), and Garcia v. Commissioner, T.C. Memo. 1991-451, affd. without published opinion 5 F.3d 536 (9th Cir. 1993).  In their response, petitioners failed to provide the Court with an adequate basis upon which to distinguish the instant case from the previously decided cases.  The Court subsequently ordered petitioners either to sign a stipulated decision in the instant case or appear before the Court for a hearing on the matter.  Petitioners chose the latter of these alternatives, and this case was heard at a motions session held at Houston, Texas.

Petitioners resided in Beaumont, Texas, at the time they filed their petition.  This case arises out of petitioners' participation in Encore, a tax shelter in the business of leasing master recordings of previously released "pop" and Gospel albums.[1]  Trials were conducted in the three above-mentioned

---

[1]For a detailed discussion of the facts and the applicable law with respect to participation in the Encore Leasing Program, see Booker v. Commissioner, T.C. Memo. 1996-261; Wolf v.

(continued...)

cases with respect to deficiencies in and additions to tax resulting from participation in Encore.  In each case, and on all issues, the Court held in favor of the Government.  Each case was subsequently affirmed by the Court of Appeals for the Ninth Circuit.

Petitioners were among a large number of persons who invested in Encore and who claimed credits, deductions, and losses with respect thereto that were disallowed by respondent. For purposes of judicial economy and efficiency, and to resolve common issues, Wolf v. Commissioner, supra, was selected as a test case.  We rendered an opinion in Wolf and held that Encore's underlying lease transaction was a sham entered into without the intent to make a profit, in which tax considerations were paramount.

More specifically, in Wolf v. Commissioner, supra, this Court held:  (1) The taxpayers were not entitled to claimed deductions and investment tax credits related to their participation in Encore; (2) the taxpayers' underpayments for the years at issue were due to negligence or intentional disregard of rules and regulations, and as a result, they were liable for the

---

[1](...continued)
Commissioner, T.C. Memo. 1991-212, affd. 4 F.3d 709 (9th Cir. 1993); Feldmann v. Commissioner, T.C. Memo. 1991-353, affd. without published opinion 5 F.3d 536 (9th Cir. 1993); Garcia v. Commissioner, T.C. Memo. 1991-451, affd. without published opinion 5 F.3d 536 (9th Cir. 1993).

additions to tax under section 6653;[2] (3) the taxpayers grossly overvalued the subject master recording and were liable for the addition to tax under section 6659 due to a valuation overstatement; (4) the taxpayers were liable for the increased rate of interest under section 6621(c) due to an underpayment of tax in excess of $1,000 attributable to one or more enumerated "tax motivated transactions"; and (5) the taxpayers were liable for a penalty under section 6673 as a result of advancing frivolous and groundless arguments.

In Feldmann v. Commissioner, supra, and Garcia v. Commissioner, supra, the Court held: (1) The taxpayers' underpayments for the years at issue were due to negligence or intentional disregard of rules and regulations, and, as a result, the taxpayers were liable for the additions to tax under section 6653; (2) the taxpayers grossly overvalued the subject master recording and were liable for the addition to tax under section 6659 due to a valuation overstatement; and (3) the taxpayers were liable for a penalty under section 6673 as a result of advancing frivolous and groundless arguments.

Petitioners claimed $3,078 in deductions and $5,952 in investment tax credits with respect to their participation in Encore during taxable year 1984. Both were disallowed by

_____

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

respondent.  Although the underlying transaction in the instant case is essentially identical to the transaction considered in the test case, petitioners maintain that their case is factually different from the test case.  After concessions, however, the sole issue for our determination is whether petitioners are liable for the additions to tax for negligence under section 6653(a)(1) and (2) for taxable year 1984.

Section 6653(a)(1) provides for an addition to tax equal to 5 percent of any underpayment if any part of the underpayment is due to negligence or intentional disregard of rules or regulations.  Section 6653(a)(2) provides for an addition to tax of 50 percent of the interest on that portion of the underpayment attributable to negligence.  Negligence is defined as a lack of due care or the failure to act as a reasonable person would act under similar circumstances.  Chamberlain v. Commissioner, 66 F.3d 729, 732 (5th Cir. 1995), affg. in part and revg. in part T.C. Memo. 1994-228; Heasley v. Commissioner, 902 F.2d 380, 383 (5th Cir. 1990), revg. T.C. Memo. 1988-408; Neely v. Commissioner, 85 T.C. 934, 947 (1985).  Petitioners bear the burden of proving that no part of the underpayment for the year at issue is due to negligence or intentional disregard of rules or regulations.  Rule 142(a); Bixby v. Commissioner, 58 T.C. 757 (1972).  The negligence addition under section 6653 is correctly assessed in cases where claimed deductions are not supported by the facts.  Sandvall v. Commissioner, 898 F.2d 455 (5th Cir.

1990), affg. T.C. Memo. 1989-56 and T.C. Memo. 1989-189; Marcello v. Commissioner, 380 F.2d 499 (5th Cir. 1967), affg. in part and remanding in part 43 T.C. 168 (1964).

Citing Heasley v. Commissioner, supra, petitioners contend that they acted in a reasonable manner and exercised ordinary business care and prudence in claiming the deductions and credits attributable to their participation in Encore. In support of that contention, petitioners allege that they relied upon the financial advice of their friend and investment adviser, Derwyn Booker (Booker). Booker was a paid promoter for Encore.[3]

Under some circumstances, a taxpayer may avoid liability for the additions to tax under section 6653(a)(1) if reasonable reliance on a competent professional adviser is shown. United States v. Boyle, 469 U.S. 241 (1985); Freytag v. Commissioner, 89 T.C. 849, 888 (1987), affd. 904 F.2d 1011 (5th Cir. 1990), affd. 501 U.S. 868 (1991). Reliance on professional advice, standing alone, is not an absolute defense to negligence, but rather a factor to be considered. Freytag v. Commissioner, supra at 888. In order for reliance on professional advice to excuse a taxpayer from the negligence additions to tax, the reliance must be reasonable, in good faith, and based upon full disclosure. Id. Reliance on representations by insiders, promoters, or offering materials has been held an inadequate defense to negligence.

----

[3]See Booker v. Commissioner, T.C. Memo. 1996-261.

LaVerne v. Commissioner, 94 T.C. 637, 652-653 (1990), affd. without published opinion 956 F.2d 274 (9th Cir. 1992), affd. without published opinion sub nom. Cowles v. Commissioner, 949 F.2d 401 (10th Cir. 1991); Marine v. Commissioner, 92 T.C. 958, 992-993 (1989), affd. without published opinion 921 F.2d 280 (9th Cir. 1991).

Based upon our review of the instant record, we find that petitioners' reliance on Booker was not reasonable. During 1984, Booker worked as an agent for Encore, selling its tax shelters at a commission rate of 20 percent of receipts. Booker v. Commissioner, T.C. Memo. 1996-261. He received $13,986 in commissions from Encore with respect to his 1984 sales. Id. As previously stated, reliance on representations by insiders or promoters is an inadequate defense to negligence. Further, reliance on professional advice must be objectively reasonable. Chamberlain v. Commissioner, supra at 732; Goldman v. Commissioner, 39 F.3d 402 (2d Cir. 1994), affg. T.C. Memo. 1993-480. Moreover, taxpayers may not rely on someone with an inherent conflict of interest. Chamberlain v. Commissioner, supra at 732; Goldman v. Commissioner, supra at 408. Additionally, taxpayers must be able to show that the adviser reached his or her decisions independently. See Leonhart v. Commissioner, 414 F.2d 749 (4th Cir. 1969), affg. T.C. Memo. 1968-98. As an agent for Encore, Booker had an inherent conflict of interest, and, as a result, petitioners cannot show that

Booker reached his decisions independently when advising them. We find that any reliance upon Booker's advice with respect to Encore was not objectively reasonable.[4]

Contrary to petitioner's argument, this case is factually distinguishable from Heasley v. Commissioner, supra, and we find their efforts to analogize it to the Heasley case unpersuasive. Like the instant case, the Heasley case involved, inter alia, whether the taxpayers could be held liable for the negligence penalty, as set forth in section 6653, after claiming various deductions and an investment tax credit attributable to a failed investment shelter. After we found for the Government, the Court of Appeals for the Fifth Circuit reversed our opinion in Heasley, explaining that our standard of review was too stringent in light of the facts. Heasley v. Commissioner, 902 F.2d at 383. The Court of Appeals in Heasley explained that the taxpayers in that case did not act negligently because they honestly misunderstood the law and the facts, relied on a financial adviser and an accountant, and expended efforts to monitor their investment. Id. at 384. In so explaining, the Court of Appeals stated that moderate-income investors need not independently investigate their investments and that such investors may rely on the expertise of their financial advisers and accountants. Id. The court further explained that unsophisticated investors need not

_____

[4]See Brooke v. Commissioner, T.C. Memo. 1996-262.

scrutinize a prospectus or other offering materials prior to undertaking an investment, but need only read pertinent portions of such documents and have the remaining portions explained to them by their advisers.  Id.

As it pertains to the instant issue, we find Heasley v. Commissioner, supra, to be distinguishable on its facts.  We do not believe, as petitioners contend, that the court was declaring that a claim of negligence can be defeated merely by a taxpayer's showing that he or she, being unsophisticated, relied on the advice of a financial adviser, irrespective of whether such adviser was an insider or whether such advice was reasonable.  See Chamberlain v. Commissioner, supra at 732.  Two noteworthy factors distinguish the facts of the instant case from those in Heasley.  First, unlike the taxpayers in Heasley, who not only relied on the advice of their investment adviser, but who also received advice regarding their investment from a certified public accountant, petitioners relied solely on the advice of Booker, Encore's promoter.

Another factor that distinguishes this case from Heasley v. Commissioner, supra, involves petitioners' review of the Encore prospectus.  Although the court in Heasley explained that unsophisticated taxpayers need read only the pertinent portions of a prospectus or other offering material in order to exercise reasonable care, even the most cursory consideration of the Encore prospectus and its accompanying tax opinion, in light of

their discussions of tax advantages, risk of audit, and risk of litigation in the Tax Court, would have alerted a prudent and reasonable investor to the questionable nature of the promised deductions and investment tax credits. To be sure, although the first page of the prospectus refers to an "exciting business opportunity while taking advantage of current tax laws," it mentions very little about that opportunity. Instead, it heavily emphasized the benefits derived from the investment tax credit.

Encore's prospectus in substance contains only one page that discusses the Gospel record market. That discussion lacks the slightest degree of specificity and is otherwise presented in very general terms. Further, the prospectus does not specifically address the master recordings leased by Encore, the quality of such recordings, nor any other facets of the Encore program.

Although the prospectus contains a section entitled "How Our Program Works," that section is a single page in length and contains a mere four paragraphs. Three paragraphs are devoted to the tax aspects of the program, while one paragraph refers to the lease agreement. The remainder of the page outlines in tabular form the amount of advance payment required from the lessee and the amount of investment tax credit passed through to the lessee.

The "Financial Section" of the prospectus contains two paragraphs and discusses the investment tax credit available with respect to the sound recordings and computer software. There is

no analysis in the prospectus of the potential nontax, economic profitability of the leasing program. Furthermore, there is no information in the prospectus regarding the marketability of the master recordings that Encore intends to lease nor any information concerning how master recordings can be marketed.

Finally, the prospectus contains a letter from Henry D. Nunez, a tax attorney, stating the following:

> upon request by Encore, we will assist a lessee and their counsel and accountants if the Internal Revenue Service challenges the tax structure of the transaction as set forth in the Opinion and the lessee is unable to reach a satisfactory resolution at the initial audit level. Such assistance would include advice in connection with their appearances before the appellate division of the Internal Revenue Service. We would also be available to assist the lessee's counsel in defense before the U.S. District Court, U.S. Tax Court or the U.S. Court of Claims.

In light of the content of the Encore prospectus, we doubt the sincerity of petitioners' contention that they examined its pertinent parts. Even a simple review of the information contained in the prospectus should have raised serious questions in the minds of ordinarily prudent investors.

Based upon careful consideration of the record, we find that petitioners have failed to show that the instant case differs in any meaningful respect from the previously decided cases in which we held the taxpayers liable for the additions to tax for negligence in connection with their participation in Encore. Accordingly, petitioners are liable for the additions to tax

under section 6653(a)(1) and (2) due to negligence for the taxable year 1984.

We decline to grant respondent's request for damages pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and
decision will be entered for
respondent.</u>